**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JEFFREY S. | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| | : | |
| FRANK BISIGNANO, | : | |
| Commissioner of the Social Security | : | |
| Administration, | : | |
| Defendant | : | NO.  25-4704 |

**<u>MEMORANDUM</u>**

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                          April 17, 2026

Jeffrey S. ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final

decision of the Commissioner of the Social Security Administration ("the Commissioner"),

denying his claim for Disability Insurance Benefits  under Title II of the Social Security Act.

Plaintiff has filed a brief in support of his request for review, the Commissioner has responded to

it, and Plaintiff has filed a reply.  For the reasons set forth below, Plaintiff's request for review is

denied.

## I.      PROCEDURAL HISTORY[1]

On December 17, 2021, Plaintiff applied for DIB, alleging that his disability commenced

on October 15, 2020.  R. 17.  The claim was denied initially and upon reconsideration.  *Id.*  On

July 30, 2024, Plaintiff appeared for a telephonic hearing, before Kathleen McDade,

Administrative Law Judge ("the ALJ"); Plaintiff, accompanied by a representative, and vocational

expert Donna Nealon, ("the VE"), testified at the hearing.  R. 39-59.  On October 1, 2024, the ALJ,

---

[1] The court has reviewed and considered the following documents in analyzing this case:  Plaintiff's Brief and
Statement of Issues in Support of  Request for Review ("Pl. Br."), the Defendant's Response to Request for Review
of Plaintiff ("Resp."), Plaintiff's Reply Brief ("Reply"), and the administrative record.  ("R.").

using the sequential evaluation process ("SEP") for disability,[2] issued an unfavorable decision. R. 17-32. On June 18, 2025, the Social Security Administration's Appeals Council declined to review the ALJ's decision. R. 1-3. Plaintiff presently seeks judicial review of that decision; the parties have consented to this court's jurisdiction, pursuant to 28 U.S.C. § 636(c)(1).

## II.   FACTUAL BACKGROUND

### A.   Personal History

Plaintiff, born on May 11, 1972, R. 30, was 52 years old at the time of the ALJ's decision. He has a master's degree and lives with his wife. R. 41. Plaintiff last worked in late 2021. R. 41.

### B.   Plaintiff's Testimony

At the July 30, 2024 administrative hearing, Plaintiff testified about his limitations. R. 41-52. He identified his neck pain and poor mental health as the reasons he stopped working and the principal reasons he cannot resume working. R. 43. Plaintiff also mentioned right knee problems which make it difficult for him to climb steps. R. 48.

---

[2] The Social Security Regulations provide the following five-step sequential evaluation for determining whether an adult claimant is disabled:

> 1. If the claimant is working, doing substantial gainful activity, a finding of not disabled is directed. Otherwise proceed to Step 2. *See* 20 C.F.R. § 404.1520(b).
>
> 2. If the claimant is found not to have a severe impairment which significantly limits his physical or mental ability to do basic work activity, a finding of not disabled is directed. Otherwise proceed to Step 3. *See* 20 C.F.R. § 404.1520(c).
>
> 3. If the claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed. Otherwise proceed to Step 4. *See* 20 C.F.R. § 404.1520(d).
>
> 4. If the claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed. Otherwise proceed to Step 5. *See* 20 C.F.R. § 404.1520(f).
>
> 5. The Commissioner will determine whether, given the claimant's residual functional capacity, age, education, and past work experience in conjunction with criteria listed in Appendix 2, she is or is not disabled. *See* 20 C.F.R. § 404.1520(g).

Plaintiff's daily neck pain results from degenerative discs.  R. 43.  Occasionally, his neck pain causes migraine headaches; prescribed medication helps to reduce, but does not eliminate, Plaintiff's neck pain.  R. 43-44.

Plaintiff's PTSD causes nightmares which prevent him from sleeping well at night; as a result, he naps during the day.  R. 44, 51.  He avoids being around people and is hypersensitive to loud noises.[3]  R. 44.  When Plaintiff is among groups of people, he is afraid and often trembles.  R. 46.

Plaintiff estimated that he could stand for 10 minutes at a time.  R. 48.  He is able to perform household chores. but must pace himself.  R. 50.

C.    Vocational Testimony

The VE identified Plaintiff's past work as a social welfare administrator as a skilled[4] and sedentary[5] job, performed by Plaintiff at the light[6] level of exertion.  R. 52-53.  The VE was asked to consider a person having Plaintiff's age, education, and work experience who was capable of performing light work with several additional limitations:  frequently able to perform all postural activities but cannot crawl or climb ladders, ropes or scaffolds; frequently able to push and pull as much as he can lift and carry; frequently able to reach overhead; able to tolerate occasional exposure to extreme cold; able to tolerate no more than moderate noise; able to understand, remember and carry out simple, complex and detailed instructions; able to make judgments on

---

[3] Plaintiff testified that, during his military service, he was shot at and around explosions often.  R. 44.

[4] "Skilled work requires qualifications in which a person uses judgment to determine the machine and manual operations to be performed in order to obtain the proper form, quality, or quantity of material to be produced.  … Other skilled jobs may require dealing with people, facts, or figures or abstract ideas at a high level of complexity."  20 C.F.R. § 404.1568(c).

[5]"Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking or standing is often necessary in carrying out job duties."  20 C.F.R. § 404.1567(a).

[6] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."  20 C.F.R. § 404.1567(b).

simple and complex work-related decisions; unable to interact with the public; and able to deal with occasional changes in the routine work setting. R. 53-54. The VE opined that this individual could not perform Plaintiff's past work but could perform three alternative jobs: (1) photocopying machine operator, 30,000 positions in the national economy; (2) marker, 1,400,000 positions in the national economy; and (3) office helper, 43,000 positions in the national economy. R. 54. If the same person was limited to sedentary work, he could perform the following jobs: (1) toy stuffer, 316,000 positions in the national economy; (2) polisher of eyeglass frames, 62,000 positions in the national economy; and (3) compact assembler, 182,000 positions in the national economy. R. 54. If the individual was capable of medium[7] work, he could perform the following jobs: (1) kitchen helper, 121,000 positions in the national economy; (2) laundry laborer, 118,000 positions in the national economy; and (3) hospital cleaner, 391,000 positions in the national economy. R. 57.

The VE opined that, if an individual had no useful ability to interact appropriately with coworkers or the public, he could not perform any work. R. 57. Additionally, the VE opined that employers tolerate no more than two unplanned work absences per month, and an employee could be off-task for no more than 10% to 15% of the workday. R. 57.

### III.    THE ALJ's FINDINGS

In her decision, the ALJ issued the following findings:

1.    [Plaintiff] meets the insured status requirements of the Social Security Act through December 31, 2025.

2.    [Plaintiff] has not engaged in substantial gainful activity since October 15, 2020, the alleged onset date (20 CFR 404.1571 *et seq.*).

3.    [Plaintiff] has the following severe impairments:

---

[7]"Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c).

4

posttraumatic stress disorder (20 CFR 404.1520(c)).

4.  [Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5.  After careful consideration of the entire record, the undersigned finds that [Plaintiff] has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except he can frequently perform all postural maneuvers except no crawling, nor climbing ladders, ropes or scaffolds.  He can frequently push and/or pull up to the limits of lifting and/or carrying.  He can frequently reach overhead.   [Plaintiff] can have occasional exposure to extreme cold and no more than moderate noise.  He is able to understand, remember, and carry out simplex, complex, and detailed instructions and male judgments on simple and complex work-related decisions.   He may have no interaction with the general public.  He is able to deal with occasional changes in the routine work setting.

6.  [Plaintiff] is unable to perform any past relevant work (20 CFR 404.1565).

7.  [Plaintiff] was born on May 11, 1972, and was 48 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. [He] subsequently changed age category to closely approaching advanced age (20 CFR 404.1563).

8.  [Plaintiff] has at least a high school education (20 CFR 404.1564).

9.  Transferability of job skills is not an issue because [, using the Medical-Vocational Rules as a framework supports a finding that [Plaintiff] is "not disabled," whether or not [he] has transferrable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10.  Considering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform (20 CFR 404.1569 and 404.1569a).

11.     [Plaintiff] has not been under a disability, as defined in the Social Security Act, from October 15, 2020, through the date of this decision (20 CFR 404.1520(g)).

R. 19, 22, 24, 30-31.

## IV.   DISCUSSION

### A.     Standard of Review

Judicial review of the Commissioner's final decision is as follows.  The Commissioner's findings of fact will not be disturbed if they are supported by substantial evidence.  *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999).  Substantial evidence is not "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted).  While it is more than a mere scintilla of evidence, *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019), it may amount to less than an evidentiary preponderance.  *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988).  Overall, this test is deferential to the ALJ, and the court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo,* might have reached a different conclusion.  *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987).  Indeed, the court is not permitted to weigh the record evidence itself. *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005).  By contrast, the Commissioner's legal conclusions are subject to *de novo* review.  *Poulos*, 474 F.3d at 91; *Schaudeck*, 181 F.3d at 431.

### B.     Burden of Proof in Disability Proceedings

To be found "disabled" under the Act, Plaintiff must carry the initial burden of demonstrating that he is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to

6

last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).  Plaintiff may establish a disability through: (1) medical evidence meeting one or more of the serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (2) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial gainful work which exists in the national economy."  *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); 42 U.S.C. § 423(d)(2)(A).

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments.  *Heckler*, 461 U.S. at 460.  Under the second method, Plaintiff must initially demonstrate that a medically determinable impairment prevents him from returning to his past employment.  *See Brown*, 845 F.2d at 1214.  If Plaintiff proves that his impairment results in functional limitations to performing his past relevant work, then the burden of proof shifts to the Commissioner to prove that work does in fact exist in the national economy which Plaintiff can perform given his age, education, work experience and residual functional capacity.  *See Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019); *Poulos,* 474 F.3d at 92.

C.     Review of the Administrative Law Judge's Decision

Applying the sequential evaluation process, the ALJ determined that, although Plaintiff could not perform his past relevant work, he could perform other work and, hence, was not disabled.  R. 17-32.  Plaintiff disputes the ALJ's decision, arguing that she:  (1) failed to include any work-related limitations from his severe mental impairment in her residual functional capacity ("RFC") assessment; and (2) failed to find any severe physical impairments but, nonetheless, included physical limitations in her RFC assessment.  Pl. Br. at 3-10.  The Commissioner denies Plaintiff's arguments.  Resp. at 1-9.  This court finds that neither of Plaintiff's arguments constitute reversible legal error.

1.   The ALJ did not Commit Legal Error when Considering Plaintiff's Severe Mental Impairment

The ALJ determined that Plaintiff had one severe impairment:  posttraumatic stress disorder ("PTSD").  R. 19.  Plaintiff maintains that the only mental-health related limitation contained in the ALJ's RFC assessment was that he was to have no contact with the public and, under the Commissioner's regulations, contact with the public is not a basic work activity.  Pl. Br. at 3-7.  Hence, the ALJ committed reversible legal error by omitting any work-related limitations to basic work activities, based upon his sole severe impairment.  *Id.*  The court finds that Plaintiff's argument lacks merit.

Plaintiff ignores two other limitations in the ALJ's RFC assessment, which are work-related, and based upon his PTSD.  First, the ALJ found that Plaintiff could only tolerate moderate noise, which was designed to accommodate to his PTSD, which, in part, causes him to avoid noise. R. 27, 44.  Second, the ALJ found that Plaintiff could only deal with occasional changes in the routine work setting.  This is a mental health related limitation to a basic work activity defined by regulation.  20 C.F.R. § 404.1522(b)(6).  Hence, Plaintiff's argument is belied by the record and there is no basis to find the ALJ committed legal error.

2.   The ALJ Properly Considered Plaintiff's Physical Limitations

Plaintiff argues that the ALJ erred, because, although she found he had no severe physical impairments at SEP step two, she, nevertheless, imposed physical limitations in the RFC assessment.  Pl. Br. at 7-10.  This argument lacks merit.

The Commissioner has explained that the SEP step two severity inquiry is a *de minimis* screening step.  *See McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004) (citations omitted).  Nevertheless, if the ALJ finds at least one severe impairment and continues the analysis beyond SEP step two, any error in finding that a specific impairment is non-severe must be deemed

harmless.  *Salles v. Comm'r of Soc. Sec.*, 229 Fed. Appx. 140, 145 n.2 (3d Cir. 2007) (non precedential) (citing *Rutherford*, 399 F.3d at 553)).[8]  Hence, Plaintiff's last argument fails.

Implementing and judgment orders follow.

---

[8] Although *Salles* is a non precedential decision, the Third Circuit has not disapproved of its reasoning in a published decision.  Hence, it is a persuasive predicter of how the Third Circuit is likely to rule when faced with the question in a precedential decision.  Moreover, *Salles* has been cited favorably in this district for this harmlessness principle.  *See e.g.*, *Michelle B. v. Dudek*, Civ. A. No. 23-4018, 2025 WL 756536, *4 (E.D. Pa. Mar. 7, 2025) (citations omitted).